# United States District Court
EASTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| COUNTY OF DELTA | § | |
| | § | |
| | § | Civil Action No. 4:18-CV-095 |
| v. | § | Judge Mazzant |
| | § | |
| PURDUE PHARMA, L.P., ET AL. | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff County of Delta's Motion to Remand (Dkt. #6) and Defendants AmerisourceBergen Corporation, Cardinal Health, Inc., and McKesson Corporation's Motion to Stay (Dkt. #9). Having considered the relevant pleadings, the Court is of the opinion that the motion to remand should be granted and the motion to stay should be denied.

## BACKGROUND

On December 19, 2017, Plaintiff County of Delta, filed this action in the 62nd Judicial District Court of Delta County, Texas, against distributors, manufactures, and dealers of opioids (Dkt. #3). Those parties specifically include Cardinal Health Inc., AmerisourceBergen Corporation, McKesson Corporation (collectively, the "Distributor Defendants"), Purdue Pharma LP, Purdue Pharma Inc., The Purdue Frederick Company, Johnson & Johnson, Janssen Pharmaceuticals, Inc., Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc., Janssen Pharmaceutical, Inc. n/k/a Janssen Pharmaceuticals, Inc., Endo Health Solutions, Inc., Endo Pharmaceuticals, Inc., AbbVie Inc., Knoll Pharmaceutical Company, a wholly-owned subsidiary of AbbVie, Inc., Allergan Finance LLC formerly known as Actavis, Inc. formerly known as Watson Pharmaceuticals, Inc., Allergan, PLC, formerly known as Actavis, PLC, Watson Laboratories Inc., Actavis, LLC, Actavis Pharma, Inc., formerly known as Watson

Pharma, Inc. (collectively, the "Manufacturer Defendants"), Richard Andrews, Theodore Okechuku, Nicolas Padron (collectively, the "Dealer Defendants"), and Does 1–100.

On February 9, 2018, the Distributor Defendants removed this case to the United States District Court for the Eastern District of Texas, Sherman Division, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting that removal was proper based upon diversity of citizenship (Dkt. #1 at p. 5). The Distributor Defendants contend that Plaintiff improperly joined one of Manufacturer Defendants, Purdue Pharma, LP, which is a Texas citizen, and all of the Dealer Defendants, who are all Texas citizens (Dkt. #1 at pp. 7–14). On February 14, 2018, Plaintiff filed a motion to remand (Dkt. #6). On February 28, 2018, Defendants filed their response (Dkt. #17). On March 5, 2018, Plaintiff filed a reply (Dkt. #19).

## LEGAL STANDARD

A defendant may remove any civil action from state court to a district court of the United States which has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Weaver v. Zurich Am. Ins. Co.*, No. H-10-1813, 2010 WL 3910053, at *1 (S.D. Tex. Oct. 1, 2010). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007). A district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Groupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

"When assessing whether diversity jurisdiction exists, a court must disregard non-diverse citizenship of an improperly joined defendant." *Doucet v. State Farm Fire & Cas. Co.*, No. 1:09-CV-142, 2009 WL 3157478, at *4 (E.D. Tex. Sept. 25, 2009) (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004)). A defendant who contends that a non-diverse party is improperly joined has a "heavy" burden of proof. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). "In making its determination, the court must ordinarily evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Green*, 707 F.2d at 205.

"The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Great Plains Tr.*, 313 F.3d at 312 (quoting *Green*, 707 F.2d at 205). After the court resolves all disputed questions of fact and ambiguities in controlling state law in favor of the plaintiff, it determines whether the plaintiff has any possibility of recovery against the party whose joinder is questioned. *Great Plains Tr.*, 313 F.3d at 312. If there is a reasonable basis for predicting that the state law might impose liability on the facts of the case, then there is no fraudulent joinder. *Id.* Additionally, "[t]he possibility of imposing liability must be reasonable, [] and not merely theoretical." *Stewart v. World Ins. Co.*, No. 4:06-CV-501, 2007 WL 2746796, at *2 (E.D. Tex. Sept. 19, 2007) (citing *Smallwood*, 385 F.3d at 573 n.9; *Great Plains Tr.*, 313 F.3d at 312; *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n.4 (5th Cir. 2000)).

A determination of improper joinder must be based on an analysis of the causes of action alleged in the complaint at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 264 (5th Cir. 1995). "A district court should ordinarily resolve [claims of] improper joinder by conducting a Rule 12(b)(6)-type analysis." *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 n.6 (5th Cir. 2005); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). "[I]f a plaintiff can survive a Rule 12(b)(6)-type challenge, there is generally no improper joinder." *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 309 (5th Cir. 2005) (citation omitted); *Smallwood*, 385 F.3d at 573. The court, however, must carefully distinguish an attack on the overall merits of the case from a showing that defendants were improperly joined in order to defeat diversity. *See Smallwood*, 385 F.3d at 573; *see also Gasch*, 491 F.3d at 284. However, the plaintiff must plead "enough facts to state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are cases in which a further summary inquiry is appropriate to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Smallwood*, 385 F.3d at 573–74.

"When deciding whether a defendant has been improperly joined, a federal district court must apply the federal pleading standards." *Gutierrez v. Allstate Fire & Cas. Ins. Co.*, No. 3:17-CV-0636-D, 2017 WL 2378298, at *3 (N.D. Tex. June 1, 2017) (citing *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp. Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). "This standard requires the plaintiff to plead enough facts 'to state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual context that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

4

possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration omitted) (quoting FED. R. CIV. P. 8(a)(2)). Furthermore, Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "labels and conclusions." *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Id.* (citation omitted).

"In evaluating a claim of fraudulent joinder, we do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff may do so." *Rodriguez v. Sabatino*, 120 F.3d 589, 591 (5th Cir. 1997); *see Guillory*, 434 F.3d at 308–09. "If that possibility exists, a good faith assertion of such an expectancy in a state court is not a sham . . . and is not fraudulent in fact or in law." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1981) (citation omitted). "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder," and the case must be remanded for lack of diversity. *Great Plains Tr.*, 313 F.3d at 312 (citation omitted); *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res. Inc.*, 99 F.3d 746, 751 (5th Cir. 1996).

## ANALYSIS

### I. Improper Joinder

Improper joinder is established by "'(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the *non-diverse* party in state

5

court.'" *Smallwood*, 385 F.3d at 573 (en banc) (emphasis added) (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir. 2003)). The Distributor Defendants do not argue that Plaintiff pleaded actual fraud in its statement of jurisdictional facts, or that Plaintiff cannot establish a cause of action against the Manufacturer and Dealer Defendants in state court.

Rather, the Distributor Defendants claim that the Manufacturer and Dealer Defendants should be severed under Rule 21 of the Federal Rules of Civil Procedure, or in the alternative the citizenship of the Manufacturer and Dealer Defendants should be ignored under the fraudulent misjoinder doctrine.

### A. Severance under FRCP 21

"Rule 21 of the Federal Rules of Civil Procedure establishes that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party," and "[t]he court may sever any claim against a party." FED. R. CIV. P. 21. Under Rule 21, a "district court has the discretion to sever an action if it is misjoined or might otherwise cause delay or prejudice." *Applewhite v. Reichhold Chems.*, 67 F.3d 571, 574 (5th Cir. 1995). Trial courts have broad discretion to sever issues to be tried before it. *Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994).

Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010). "Courts have described Rule 20 as creating a two-prong test, allowing joinder of plaintiffs when (1) their claims arise out of the 'same transaction, occurrence, or series of transactions or occurrences' and when (2) there is at least one common question of law or fact linking all claims." *Id.* Generally, if both prongs are met,

"permissive joinder of plaintiffs . . . is at the option of the plaintiffs. . . ." *Applewhite*, 67 F.3d at 574.

The district court, however, does have "the discretion to sever an action [under Rules 20 and 21] if it is misjoined or might otherwise cause delay or prejudice," but the Supreme Court has emphasized that "the impulse [under the Rules] is toward entertaining the broadest possible scope of action consistent with fairness of the parties; joinder of claims, parties and remedies is strongly encouraged." *Applewhite*, 67 F.3d at 574; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966). "[A] trial court has broad discretion to sever." *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000).

Because the purpose of Rule 20 is to facilitate trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits, district courts should liberally construe permissive joinder of claims and parties in the interest of judicial economy. *Klein Indep. School Dist. v. Hovem*, No. H–09–137, 2010 WL 1068076, at *4 (S.D. Tex. Mar. 22, 2010) (citing *United Mine Workers*, 383 U.S. at 724 ("Under the Rules, the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.")); *see also Acevedo*, 600 F.3d at 521.

The Distributor Defendants assert that the claims against the Manufacturer and Dealer Defendants are "wholly distinct" from the claims against them, and the Court should sever the claims against the Distributor Defendants from the claims against the Manufacturer and Dealer Defendants and only remand the severed actions (Dkt. #17 at p. 7). Plaintiff argues that the claims against all Defendants involve common issues of law and fact. Specifically, Plaintiff asserts that the claims alleged against the "Distributor Defendants are intertwined with [the claims against the Manufacturer and Dealer Defendants] because they profited from distributing these drugs into

7

communities and knowingly failed to report or halt the increase in opioid distribution and/or sale." (Dkt. #6, Exhibit 1 at p. 5). Plaintiff claims that the Manufacturer Defendants engaged in a financial scheme with the Distributor Defendants and Dealer Defendants who all "shared the self-interest and motivation to manufacture, distribute, and prescribe the same medications to increase their own profits" (Dkt. #6, Exhibit 1 at p. 5).

The Court finds that Plaintiff's claims satisfy Rule 20. This case involves claims against Defendants for engaging in a financial scheme to fraudulently market and fuel the sale of opioids. The similarities between the Defendants do overshadow any differences. The alleged acts are sufficiently intertwined with respect to the Defendants. The claims at issue are not so separate and distinct such that joinder would constitute injustice. Joinder promotes efficiency and will reduce delay, inconvenience, and expense to the parties. By contrast, Plaintiff will be highly prejudiced if the Distributor Defendants are severed and the Manufacturer Defendants are able to shift blame on to the absent Distributor Defendants. Joinder actually serves the interest of judicial economy in this case. Therefore, the Court finds that joinder is proper.

The Court also finds that Defendants' motion should be denied at this time. District Courts have broad discretion in granting a severance under Fed. R. Civ. P. 21. *United States v. O'Neil*, 709 F.2d 361, 367 (5th Cir. 1983). At this time, the Court believes it is premature to sever the case.

**B. Fraudulent Misjoinder**

The Distributor Defendants also claim that the citizenship of the Manufacturer and Dealer Defendants should be ignored under the fraudulent misjoinder doctrine because Plaintiff's claims against the Manufacturer and Dealer Defendants are factually and legally distinct from the claims

against the Distributor Defendants, and were joined in order to defeat diversity jurisdiction. (Dkt. #1 at ¶ 31–33).

Although not expressly adopted by the Fifth Circuit, district courts in the Fifth Circuit have considered the fraudulent misjoinder doctrine referred to as *Tapscott* severance. *See Tex. Instruments Inc. v. Citigroup Glob. Markets, Inc.*, 266 F.R.D. 143, 152 (N.D. Tex. 2010) ("[D]istrict courts within this circuit have considered numerous cases removed from state court on the basis of allegedly fraudulent misjoinder, and the overwhelming majority of those cases have been remanded to state court, often on the ground that even if the parties have been misjoined, such misjoinder is not so egregious as to be fraudulent."); *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996). However, for the same reasons described above, the Court finds that the Distributor Defendants do not allege facts that illustrate that the alleged misjoinder was "egregious." *See* Tapscott, 77 F.3d at 1360. The Court finds no fraudulent misjoinder under *Tapscott*.

## II.     Motion to Stay

The Distributor Defendants also move to stay this case pending possible transfer to Multidistrict Litigation No. 2804 in the Northern District of Ohio (Dkt. #9). However, because this Court does not have subject matter jurisdiction over this case, it has no authority to stay the case and declines to do so.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Remand (Dkt. #6) is hereby **GRANTED** and this case is remanded to the 62nd Judicial District Court of Delta County, Texas.

It is further **ORDERED** that Defendants' Motion to Stay (Dkt. #9) is hereby **DENIED**.

**SIGNED this 22nd day of March, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE